GREENE *v* GENERAL MOTORS CORPORATION

1. TORTS—CONDITION OF EMPLOYMENT—REASONABLE INSPECTION—DISCIPLINARY MEASURE—LAY-OFF.

> An employer may, as a condition of employment, require that an employee submit to a reasonable examination when he enters the employer's plant and the employer's laying off the employee for a short time as a disciplinary measure for not submitting to an inspection is not tortious.

2. TORTS—CONDITION OF EMPLOYMENT—REASONABLE INSPECTION—DISCIPLINARY MEASURE—LAY-OFF.

> Plant security guard's asking an employee who was returning to the plant after his lunch hour to open a paper ·bag he was carrying was reasonable and the employee's being laid off for refusing to obey was not tortious.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 10, 1971, at Lansing. (Docket No. 12367.)   Decided January 26, 1972.

Complaint by Harold B. Greene against General Motors Corporation for money damages and an injunction.   Summary judgment for defendant. Plaintiff appeals.  Affirmed.

*A. Glenn Epps,* for plaintiff.

*Harry S. Benjamin, Jr., Eugene L. Hartwig, Edmond J. Dilworth, Jr.,* and *Robert H. Fredericks, II* (*Ross L. Malone,* of counsel) for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur 2d, Master and Servant §§ 54, 55, 61.

Before: Danhof, P. J., and T. M. Burns and O'Hara,* JJ.

Per Curiam. The plaintiff, an employee of the defendant, brought this action seeking money damages and an injunction. The trial court granted the defendant's motion for summary judgment and we affirm.

On two occasions the plaintiff was stopped by plant security guards as he was attempting to enter the plant after his lunch hour. On each occasion he was asked to open a paper bag he was carrying. He refused to do so. On at least one of these occasions he suffered a short lay-off as a disciplinary measure. The plaintiff now contends that the company's action was tortious.

An employer may, as a condition of employment, require that an employee submit to a reasonable examination when he enters the plant. The defendant filed a motion for summary judgment, accompanied by the affidavits required by GCR 1963, 117.3, raising this defense. The point having been put in issue it was necessary for the plaintiff to state with specificity the facts on which he relied. He did not do so. Therefore, summary judgment under GCR 1963, 117.2(3) was appropriate.

Affirmed, costs to the defendant.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.